**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LISA McEACHERN** | : | **CIVIL ACTION NO.:** |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| | : | |
| **YORK ANALYTICAL LABORATORIES,** | : | |
| **INC., and MICHAEL BECKERICH** | : | |
| Defendants | : | **May 16, 2008** |

**COMPLAINT**

**INTRODUCTION**

1. This is an action for money damages, liquidated damages, costs, attorneys' fees and other relief as a result of (a) Defendants' failure to pay overtime compensation to Plaintiff in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. Section 201 *et seq.*, and the Connecticut Minimum Wage Act ("CMWA"), Connecticut General Statutes Section 31-58 *et seq.*, and for wrongful termination in violation of the public policy of the State of Connecticut.

**PARTIES**

2. Plaintiff Lisa McEachern is an individual presently residing in Monroe, Connecticut.

3. Defendant, York Analytical Laboratories, Inc., is a corporation which is duly licensed to transact business within the State of Connecticut, with a principal place of business within Connecticut at 120 Research Drive, Stratford, Connecticut.

4. York is an employer as defined under the FLSA and CMWA and is engaged in interstate commerce as defined under the FLSA.

5. Defendant, Michael Beckerich is an individual presently residing in Piermont, New York.

6. At all times relevant to this Complaint, Beckerich was the President of York and was an employer as defined under the FLSA and CMWA and engaged in interstate commerce as defined under the FLSA.

## JURISDICTION

7. The United States District Court for the District of Connecticut has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because it raises questions under the FLSA.

8. This Court has jurisdiction over McEachern's state law claims pursuant to 28 U.S.C. § 1367(a) under the doctrine of supplemental jurisdiction.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(c), because the Defendant may be found in this district and the challenged conduct occurred in this state.

## FACTUAL ALLEGATIONS

10. Between May 16, 2006 and January 9, 2008, McEachern was employed by Defendants as an accounting clerk.

11. Between May 16, 2006 and January 9, 2008, McEachern routinely worked more than forty (40) hours per week, but was not paid overtime compensation at a rate of one-and-one-half times her normal rate of pay for all such overtime hours worked, as required by the FLSA and CMWA.

12. In approximately December, 2007, after McEachern had complained about not being paid overtime compensation, Defendants began paying her "straight time" (*i.e.*, her regular rate of pay) for all hours worked in excess of forty per week.

13. On January 7, 2008, McEachern sent an e-mail to Defendants, including Beckerich, which stated "Mike, I wanted to inform you that the way I am being paid is not legal. I

should be paid time and a half for the my (sic) overtime - for any hours worked past 40. Not straight time as was paid last payroll period per Robert Bradley. I have verified this with the Department of Labor. Please make sure this is corrected. Lisa."

14. Also on January 7, 2008, McEachern sent an e-mail to Defendants, including Beckerich, complaining that Bob Bradley, York's Managing Director and Corporate Secretary, was retaliating against her for having uncovered a scheme under which he and another employee, Nezar Mihaly, were billing York for non-existent computer products and overcharging York for supplies through Aurora Computers, a company set up by Mihaly.

15. McEachern sent a third e-mail to Defendants on January 7, 2008, including Beckerich, stating that Bradley had instructed her to assign hours worked by one employee, Rose LaFlamme, to LaFlamme's daughter, Jennifer Thornburn (also an employee), expressing her unwillingness to do so and stating that the practice was illegal and that McEachern was concerned "that the IRS would come after" her.

16. On January 9, 2008, Defendants terminated McEachern's employment.

17. In a memorandum to McEachern, Beckerich stated that "this newest incident (*i.e.,* McEachern's e-mails), without anything else, would be grounds for dismissal."

**COUNT ONE         VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18. Based on the foregoing, Defendants' failure to pay McEachern overtime compensation was a violation of the FLSA and entitles McEachern to compensation for all overtime hours worked, liquidated damages, attorneys's fees and court costs.

**COUNT TWO	VIOLATION OF THE CMWA**

19.	Based upon the foregoing, Defendants' failure to pay McEachern overtime compensation was a violation of the CMWA, and entitles McEachern to compensation for all overtime hours worked, interest and court costs.

20.	Defendants' conduct in failing to pay McEachern her earned overtime compensation was unreasonable, arbitrary and/or in bad faith, in that Defendants knew or should have known that McEachern was entitled to be paid for her overtime but failed to do so. Accordingly, McEachern is entitled to compensation for all overtime hours worked, liquidated damages, attorneys fees, and court costs.

**COUNT THREE	WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

21.	Based on the foregoing, Defendants' termination of McEachern for sending the three e-mails on January 7, 2008 complaining of various illegalities was a wrongful termination in violation of the public policy of the State of Connecticut, as established by the Connecticut General Assembly and/or various Agencies of the State of Connecticut, and entitles McEachern to damages.

**DEMAND FOR RELIEF**

WHEREFORE, the Plaintiff claims:

1. Unpaid Overtime Wages under the FLSA and CMWA;

2. Liquidated Damages under the FLSA and CMWA;

3. Compensatory Damages;

4. Punitive Damages

5. Interest and costs;

6. Attorneys' fees under the FLSA and CMWA; and

7. Such other and further relief the Court deems just and equitable.

                                            PLAINTIFF, LISA MCEACHERN

By:       /s/
      Anthony J. Pantuso, III
      The Pantuso Law Firm, LLC
      204 Broad Street, Suite 400
      Milford, CT 06460
      Fed No.: ct11638
      (203) 876-0000
      (203) 877-1839 (facsimile)
      apantuso@pantusolaw.com
      Attorneys for the Plaintiff